RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/10/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT F. BRUCE | DOCKET NO. 11-CV-290; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| STEVEN CREWS, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of Plaintiff Robert F. Bruce, filed pro se and *in forma pauperis*. Plaintiff is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He names as defendants Steven Crews, Greg Easterling, Quincy Carter, Scott Steward, and the Winn Parish Police Jury.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

## STATEMENT OF THE CASE

Plaintiff filed the captioned case under the Civil Rights Act, yet he alleges no civil rights violations. He and Defendant Easterling had a contract whereby Plaintiff would move a house to a new location for Easterling. Plaintiff complains that Defendant Easterling, a private citizen, signed an affidavit that Plaintiff committed the offense of unauthorized use of a movable (Money in excess of $1000) in violation of Louisiana law. [Doc. #1, p.5] He sues Mr. Easterling for "malicious prosecution."

Plaintiff alleges that Quincy Carter, another private citizen, entered into a contract with Plaintiff to move Carter's home to a new location. Plaintiff claims that Mr. Carter no longer wanted Plaintiff's services and terminated the contract. Plaintiff complains that Carter testified against him, and he sues Mr. Carter for "malicious prosecution."

Plaintiff claims that Mr. Scott Steward had also entered into a contract with Plaintiff to move his home. Steward testified against Plaintiff, so Plaintiff sues him for "malicious prosecution" as well.

Plaintiff names as defendant an attorney, Steven Crews, who serves as an assistant district attorney for Winn Parish. Crews called as witnesses defendants Steward, Carter, and Easterling, to testify against Plaintiff. Plaintiff sues Crews for "malicious prosecution," as well.

Plaintiff also claims "malicious prosecution" by the Winn Parish Police Jury, but presents no factual allegations against it.

### Law and Analysis

**1. Malicious Prosecution**

First, "[t]here is no federal constitutional claim based on the tort of malicious prosecution." Williams v. Dretke, 306 Fed.Appx. 164, 166 (5th Cir. 2009)(unpublished)(citing Castellano v. Fragozo, 352 F.3d 939, 953-54 (5th Cir. 2003)(en banc)).

2

## 2. Non-State Actors

Moreover, neither Easterling, Steward, or Carter can be liable under 1983, as none of them are state actors.

"'[A] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority.'" Lewis v. Continental Airlines, Inc., 80 F.Supp.2d 686, 706 (S.D.Tex. 1999)(citing Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988)(quoting Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985)); see Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992). "Police reliance in making an arrest on information given by a private party does not make the private party a state actor." Daniel, 839 F.2d at 1130 (citing Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc., 673 F.2d 771, 772 (5th Cir. 1982)). Likewise, the fact that a private party executed a sworn complaint which forms the basis for an arrest is not, in itself, sufficient to render the party a state actor. See id.; see also Brummett, 946 F.2d at 1184-85; Sims v. Jefferson Downs Racing Ass'n, 778 F.2d 1068, 1078-79 (5th Cir. 1985). Instead, to be deemed a state actor, "[t]he plaintiff must show that the police in effecting the arrest acted in accordance with a 'preconceived plan' to arrest a person merely because he was designated for arrest by the private party, without independent investigation." Id. at 1079; see Hernandez, 673 F.2d at 772. Plaintiff has made no such allegation

3

in this case.

### 3. Assistant District Attorney

Plaintiff sues Crews as the prosecutor of his case. A prosecutor enjoys absolute immunity from section 1983 claims for actions taken in initiating and pursuing prosecution. See Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993)(citing Imbler v. Pachtman, 424 U.S. 409 (1976); Young v. Biggers, 938 F.2d 565 (5th Cir. 1991). A claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. See id. (citing Neitzke v. Williams, 490 U.S. 319 (1989).

### 4. Police Jury

Plaintiff claims that the police jury is liable for malicious prosecution, as well. First, as stated above, there is no federal constitutional claim based on the tort of malicious prosecution. Williams v. Dretke, 306 Fed.Appx. 164, 166 (5th Cir. 2009). Additionally, Plaintiff presented no factual allegations against the Winn Parish Police Jury. A "police jury" is a unit of local Louisiana government akin to a county board of supervisors. See O'Quinn v. Manuel, 773 F.2d 605 (5th Cir. 1985)(citing La.Rev.Stat.Ann. §33:1236). Despite its name, the police jury does not directly furnish any of the services conventionally associated with the "police." Most of these services are traceable in Louisiana to the sheriff. See id.

In short, to the extent that Plaintiff's complaint purports to

4

arise under the provisions of 42 U.S.C. §1983, it is frivolous.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 10th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5